Filed 4/21/22  P. v. Taylor CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KIRELL FRANCIS TAYLOR,<br><br>    Defendant and Appellant. | B312057<br>(Los Angeles County<br> Super. Ct. No. LA033959) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric P. Harmon, Judge.  Reversed and remanded.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

This is an appeal from the denial of appellant Kirell Francis Taylor's petition for resentencing under Penal Code section 1170.95.[1] In 2001, appellant was convicted of nine substantive offenses, including one count of special circumstance murder (§ 187, subd. (a), count 1), the only offense at issue in this appeal. As to that count, the jury found true that the murder was committed in the commission of burglary, robbery, carjacking, and kidnapping (§ 190.2, subd. (a)(17)).

In 2002, this court modified appellant's sentence and affirmed his conviction in all other respects. (See *People v. Taylor* (Aug. 29, 2002, B153903) [nonpub. opn.] (*Taylor I*)).

In January 2020, appellant filed a verified petition for resentencing under section 1170.95, which provides that persons who were convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could no longer be convicted of murder following the enactment of Senate Bill No. 1437 (S.B. 1437), may petition the sentencing court to vacate the conviction and resentence on any remaining counts. (Stats. 2018, ch. 1015, § 1, subd. (f).)

Following the appointment of counsel and briefing by the parties, on March 22, 2021, the court held a hearing on appellant's petition. During the hearing, the prosecution withdrew its opposition to appellant's petition at the prima facie stage of review under the reasoning set forth in *People v. York* (2020) 54 Cal.App.5th 250 (*York*),

---

[1] Undesignated statutory references are to the Penal Code.

2

review granted Nov. 18, 2020, S264954. In *York*, our colleagues in Division Five held that a jury's true finding under the felony-murder special circumstance statute (§ 190.2, subd. (a)(17)), made before the Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), cannot preclude eligibility for relief under section 1170.95 as a matter of law. (*York*, *supra*, at p. 258.)

Mindful of the prosecution's change in position, after taking the matter under submission, the court issued a written ruling summarily denying appellant's petition. In so ruling, the court identified the current split in authority regarding a pre-*Banks* and *Clark* felony-murder special circumstance finding. Disagreeing with the prosecution's position, the trial court elected to follow the line of cases holding that a felony-murder special circumstance finding predating *Banks* and *Clark* precludes relief under section 1170.95 as a matter of law. (See, e.g., *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141–1143 (*Galvan*), rev. granted Oct. 14, 2020, S264284; *People v. Allison* (2020) 55 Cal.App.5th 449, 457–458, 461 (*Allison*); *People v. Jones* (2020) 56 Cal.App.5th 474, 482, rev. granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14–15 (*Gomez*), rev. granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, 168, rev. granted Nov. 18, 2020, S264978.)

On appeal from the trial court's order, appellant contends that the trial court erred by relying on the *Galvan/Allison/Gomez* line of cases. He asserts these cases were incorrectly decided, and requests that we

apply the so-called *Torres/Smith/York* line of cases, which hold that a pre-*Banks* and pre-*Clark* special circumstance finding does not render a section 1170.95 petitioner ineligible for relief as a matter of law. (See *York, supra*, 54 Cal.App.5th at p. 258; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1173 (*Torres*), rev. granted June 24, 2020, S262011, overruled on another ground in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*); *People v. Smith* (2020) 49 Cal.App.5th 85, 93 (*Smith*), rev. granted, July 22, 2020, S262835; accord, *People v. Gonzalez* (2021) 65 Cal.App.5th 420, 431, rev. granted, Aug. 18, 2021, S269792; *People v. Arias* (2021) 66 Cal.App.5th 987, 1004, rev. granted Sept. 29, 2021, S270555; *People v. Secrease* (2021) 63 Cal.App.5th 231, 255, rev. granted, June 30, 2021, S268862; *People v. Harris* (2021) 60 Cal.App.5th 939, 958 (*Harris*), rev. granted, Apr. 28, 2021, S267802.)

Despite the prosecution's change in position favoring *Torres/Smith/York*, the Attorney General now contends that those cases were incorrectly decided, and that *Galvan/Allison/Gomez* should control our analysis. He also asserts that even if the *Torres/Smith/York* line of cases was correctly decided, appellant is still ineligible for relief because his actions rise to the level of major participation and reckless indifference under *Banks* and *Clark*.

Consistent with our prior decisions on the issue, we reverse the trial court's order in light of *Torres/Smith/York*. We also refrain from engaging, in the first instance, in the factfinding necessary to determine major participation and reckless indifference under the standards established by *Banks* and *Clark*. We reverse the order summarily

4

denying defendant's petition, and direct the court to issue an order to show cause and proceed consistent with section 1170.95, subdivision (d).

## BACKGROUND

We recite the factual background from *Taylor I*, which has been made part of the record on appeal. Around 8:00 p.m. on February 8, 1999, appellant and another man, both wearing ski masks, followed Christopher Rawlings into his garage as he returned to his home. The assailants held Rawlings in the garage, stole valuables from his home, and then drove him away in his Bentley sedan. Rawlings's wife, who had been inside the home, heard loud music and voices in the garage, and opened a door to the garage to see what was taking place. She ran back into the home and called 911. The police responded, and a high-speed chase ensued, which culminated when the driver of the Bentley struck another car, spun into a utility pole, and came to rest against a tree. The assailants fled from the car, leaving Rawlings unconscious at the scene of the crash. Rawlings died from head injuries suffered in the crash. (*Taylor I*, *supra*, at pp. 2–3.)

By amended information, appellant was charged with first degree murder (§ 187, subd. (a), count 1), kidnapping to commit robbery (§ 209, subd. (b)(1), count 2), kidnapping during commission of carjacking (§ 209.5, subd. (a), count 3), robbery (§ 211, counts 4, 9), burglary (§ 459, count 5), carjacking (§ 215, subd. (a), counts 6, 8), and evading an officer causing death (Veh. Code, § 2800.3, count 7). As to count 1, the information also alleged that the murder was committed during the commission of burglary, robbery, carjacking, and kidnapping (§ 190.2,

5

subd. (a)(17)). The information also alleged that appellant personally inflicted great bodily injury on the victim in the commission of each felony in counts 2 through 6. Following trial, a jury convicted appellant on all counts, and found the felony-murder special circumstance and enhancement allegations to be true. Appellant was sentenced to an overall term of life imprisonment without the possibility of parole plus 24 years four months.

In his direct appeal, this court modified appellant's sentence to life imprisonment without the possibility of parole (we stayed the determinate sentence of 24 years four months under section 654), and affirmed the judgment in all other respects. (*Taylor I*, *supra*, at pp. 2, 5–6.)

In January 2020, appellant filed a verified petition for resentencing under section 1170.95, claiming entitlement to relief because he was convicted of first degree murder under a felony-murder theory. Appellant also claimed he was not the actual killer; did not aid and abet with the intent to kill; and did not act with reckless indifference as a major participant to the underlying felonies. Appellant requested that counsel be appointed on his behalf, and declared that he intended to offer "new scientific evidence." The court appointed counsel, the prosecution filed an opposition, and appellant filed a reply.

At a March 22, 2021 hearing on appellant's petition, the court stated that it had received the parties' briefs and attached exhibits. During argument, the prosecutor stated that her office (the Office of the District Attorney of Los Angeles) had recently changed its position on

6

the effect of a pre-*Banks* and *Clark* felony-murder special circumstance finding on the prima facie stage of review. The prosecutor explained that her office found *York, supra,* 54 Cal.App.5th 250, which "requires an evidentiary hearing because that matter predated . . . *Banks* and . . . *Clark*," to be controlling authority on the issue. In candor, the prosecutor informed the court that there is current split in authority. Defense counsel submitted on the briefs, and the court took the matter under submission.

In a subsequent written ruling, the court relied on the *Galvan/Allison/Gomez* line of cases, and found appellant "ineligible for resentencing relief [as a matter of law] because his murder conviction included four felony-murder special circumstances which required the jury to find beyond a reasonable doubt that [he] was a major participant in the underlying robbery, kidnapping, carjacking, and residential burglary, and that he acted with reckless indifferent to human life."[2]

## DISCUSSION

Appellant contends the court prejudicially erred by denying his section 1170.95 petition without issuing an order to show cause in

---

[2] Relying on the reporter's transcripts from trial, the court stated that the "jury was instructed that if [appellant] was not the actual killer (or if it could not determine whether he was), it could not find the special circumstances true unless it was satisfied beyond a reasonable doubt that he, with the intent to kill, directly aided and abetted the murder; or, with reckless indifference to human life and as a major participant, aided and abetted the underlying offenses of robbery, kidnapping, carjacking, and residential burglary."

7

reliance on the jury's true findings under the felony-murder special circumstance statute (§ 190.2, subd. (a)(17)) that pre-date *Banks* and *Clark*. We agree with appellant's contention, and decline the Attorney General's request to engage in factfinding in the first instance under *Banks* and *Clark* to determine if appellant was a major participant who acted with reckless indifference to human life.[3]

1. *Governing Law*

The legislature enacted S.B. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *Lewis, supra,* 11 Cal.5th at p. 959.)

---

[3] In light of our conclusion, we do not consider appellant's alternative contention regarding the effect of the jury's true finding under section 12022.7, subdivision (a), that he personally inflicted great bodily injury on the victim during the commission of the felonies in counts 2 through 6. The trial court did not rely on this enhancement when determining appellant's eligibility for relief, and instead noted that it had "not been able to find any authority for the proposition that enhancement under section 12022.7 precludes relief as a matter of law." (Accord, *People v. Elder* (2014) 227 Cal.App.4th 411, 424 [section 12022.7 does not require that a defendant intend to inflict great bodily injury; "[i]t makes no difference whether defendant intentionally inflicted the injury . . . or the injury was inflicted accidentally"].)

Section 1170.95, as enacted by S.B. 1437, permits individuals who were convicted of felony murder or murder under the natural and probable consequences doctrine, but who could not be convicted of murder following the amendments to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (See § 1170.95, subd. (a).) A petition for relief under section 1170.95 must include a declaration by the petitioner that he is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(1).)

Subdivision (c) of section 1170.95 provides that after the parties submit briefing, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that [he or she] is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (See also *Lewis*, *supra*, 11 Cal.5th at p. 962 [subd. (c) provides only for "a single prima facie" stage of review].)

To determine whether the petitioner has made a prima facie case for section 1170.95 relief, the court ""takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1).) '[A] court should not reject the

9

petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton*, at p. 978, fn. omitted, citing *In re Serrano* (1995) 10 Cal.4th 447, 456.) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."' (*Drayton*, at p. 979, quoting *Serrano*, at p. 456.)" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' (*Drayton*, . . . at p. 980.)" (*Id.* at p. 972.)

If the trial court determines that a prima facie showing for relief has been made, it must issue an order to show cause and hold a hearing "to determine whether to vacate the murder, . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced." (§ 1170.95, subd. (d)(1).) During the evidentiary hearing, the prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. (§ 1170.95, subd. (d)(3).)

2. *Analysis*

The parties dispute whether the jury's felony-murder special circumstance findings made prior to *Banks* and *Clark* preclude appellant from making a prima facie showing under section 1170.95, subdivision (c). Relying on *Torres/Smith/York*, appellant asserts that

10

these findings do not preclude relief as a matter of law. The Attorney General disagrees, and asserts that under *Galvan/Allison/Gomez*, the special circumstance findings preclude appellant from making a prima facie showing as a matter of law.

Pending guidance from the Supreme Court on this issue,[4] and consistent with our prior decisions on the issue, we follow the *Torres/Smith/York* line of cases holding that a pre-*Banks* and *Clark* special circumstance finding "cannot preclude eligibility for relief under . . . section 1170.95 *as a matter of law*, because the factual issues that the jury was asked to resolve in a trial that occurred before *Banks* and *Clark* were decided are not the same factual issues our Supreme Court has since identified as controlling." (*York, supra*, 54 Cal.App.5th at p. 258; accord, *Smith, supra*, 49 Cal.App.5th at p. 93; *Torres, supra*, 46 Cal.App.5th at p. 1179.)

As amended by S.B. 1437, subdivision (e) of section 189 provides that participation in the perpetration or attempted perpetration of an enumerated felony (here, burglary, robbery, carjacking, kidnapping to commit robbery, and kidnapping during the commission of carjacking) in which a death occurs renders a person liable for murder only if the person was the actual killer, acted with the intent to kill as an aider and abettor, or was a major participant in the underlying felony and

---

[4] The Supreme Court has granted review in *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606, to resolve the following issue: "Does a felony-murder special circumstance finding (Pen. Code, § 190.2, subd. (a)(17)) made before [*Banks*] and [*Clark*] preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?"

acted with reckless indifference to human life as described in subdivision (d) of section 190.2. Section 190.2, subdivision (d), in turn, provides for a term of punishment by death or life imprisonment without the possibility of parole for persons "not the actual killer, [but] who, with reckless indifference to human life" and as major participants, aid, abet or assist in the commission of any felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree. Subdivision (a)(17) of section 190.2 lists burglary, robbery, carjacking, kidnapping to commit robbery, and kidnapping during the commission of carjacking as qualifying felonies. (§ 190.2, subds. (a)(17)(A)-(B), (a)(17)(G), (a)(17)(L).)

The special circumstance findings in this case indicate that the jury found that appellant, as an aider and abettor, either intended to kill or acted with reckless indifference to human life as a major participant in the robbery and burglary. However, because the jury rendered its findings approximately 15 years prior to the *Banks* and *Clark* decisions in which it did not specify whether appellant acted with intent to kill, he is not precluded from showing that he could not be convicted of first degree murder as redefined by S.B. 1437. (*Torres, supra,* 46 Cal.App.5th at p. 1179.)

The Attorney General asserts that the *Torres/Smith/York* line of cases was wrongly decided and urges us instead to follow the reasoning set forth in *Galvan/Allison/Gomez*. In *Galvan/Allison/Gomez*, the courts of appeal reasoned that the petitioners and others like them are not entitled to relief under the plain language of section 1170.95,

because the present inability to convict them of murder was not "'because of changes'" made by S.B. 1437 (see § 1170.95, subd. (a)(3) [petitioners are entitled to relief because they "'could not be convicted of . . . murder because of changes to Section[s] 188 or 189 made effective'" January 1, 2019]), but because of the "clarification of the requirements for the special circumstance finding in *Banks* and *Clark*." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142; accord, *Allison*, *supra*, 55 Cal.App.5th at p. 460; *Gomez*, *supra*, 52 Cal.App.5th at pp. 14–15.) The *Galvan* and *Gomez* courts also reasoned that a section 1170.95 petition is not a "proper vehicle" for challenging a felony-murder special circumstance finding, which must be challenged through habeas corpus proceedings. (*Galvan*, *supra*, at p. 1141; accord, *Gomez*, *supra*, at p. 17.)

Pending resolution of this issue by the Supreme Court, we continue to follow *Torres/Smith/York*. Appellant's section 1170.95 petition seeks to have his "murder, . . . conviction vacated and to be resentenced" on any remaining counts. (§ 1170.95, subd. (a); see *York*, *supra*, 54 Cal.App.5th at p. 260 ["[o]ur analyses in *Torres* and *Smith* recognized that section 1170.95 permits a petitioner to challenge a *murder conviction*"].) Because a petitioner's entitlement to section 1170.95 relief may require consideration of the verdict (including any special circumstance findings), the *Banks* and *Clark* decisions remain relevant for making such determination. And because the jury was not instructed on the standards as set forth in *Banks* and *Clark*, and because the jury did not find that appellant was the actual killer (a contention unchallenged by the Attorney General), we cannot conclude

that appellant is precluded from relief as a matter of law at this stage of the proceedings.

The Attorney General contends that even under *Torres/Smith/York*, any error by the trial court is harmless because appellant's "actions rise to the level required by *Banks* and *Clark*." In so arguing, the Attorney General asserts that this court may, in the first instance, engage in a de novo review to determine whether appellant committed the underlying felonies as a major participant who acted with reckless indifference under the standards set forth in *Banks* and *Clark*.

We do not agree with the Attorney General that the error discussed above is subject to harmless error review under the principles set forth in *People v. Watson* (1956) 46 Cal.2d 818. The Supreme Court has clarified that a trial court's authority at the prima facie stage of review is "limited," in that it may not "engage in 'factfinding involving the weighing of evidence.'" (*Lewis, supra*, at p. 972, quoting *Drayton, supra*, 47 Cal.App.5th at p. 980.) Nor do we read section 1170.95 as excluding a petitioner's ability to proffer evidence not presented at trial (which appellant has alleged he purports to do) to dispute whether he or she was a major participant in the underlying felonies, or acted with reckless indifference to human life. (See § 1170.95, subd. (d)(3) [at the hearing to determine the petitioner's entitlement to relief, "the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also

14

consider the procedural history of the case recited in any prior appellate opinion. . . .  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens"]; *Smith, supra,* 49 Cal.App.5th at pp. 95–96; *Harris, supra,* 60 Cal.App.5th at pp. 959–960 & fn. 13.)  We therefore decline the Attorney General's request to engage in factfinding in the first instance in this appeal.  We reverse the court's order summarily denying appellant's petition, and remand the matter with directions for the trial court to issue an order to show cause and hold a hearing under subdivision (d) of section 1170.95 in which the parties may introduce new or additional evidence to meet their respective burdens.

## DISPOSITION

The order summarily denying appellant's section 1170.95 petition is reversed, and the matter is remanded with directions to issue an order to show cause and to proceed consistent with section 1170.95, subdivision (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.                COLLINS, J.


15